The final case on the calendar is Tamm v. Cincinnati Insurance Company. Mr. Tamm, you're on the line. Hey, good morning. Can you hear me well? Morning. Yes, you can proceed. Good morning. This is plaintiff's Aaron Tamm and Tamm Consulting for the sake of what's to do with Tamm. I thank the court. As an initial matter, per the order of Docket 98, Collins respectfully requests the court to accept the filing of the proposed amended reply brief on May 24, 2021 at the court's night box along with three copies. This amended reply brief does not yet appear on the case order. You can submit the reply brief and we'll take it under advisement whether we'll accept it at this point, but you can go ahead and submit it and we'll decide. Thank you. This appeal arises from an improper removal which, after 15 months, was eventually remanded but not awarded any fees, expenses, costs under 28 U.S.C. 1447c, an insurance policy or by economy. The facts of these, I stored a massive amount of business and personal property upstate New York, an 800 square foot storage locker area on floor one. On the note, the landlord started a secret remodeling of floors three and four to create 20 residential apartments. Two water damage incidents in 2015 arose out of this demolition and construction, including incident one involving intrusions and chemical stripping and pressure washing, which led to lead paint, petroleum, asbestos, and other debris entering those lockers and damaging property. Incident two involves a exploded water hose on floor three. This was supported by the fire alarm the fourth at 343 a.m. There was so much water that it was pouring out the exterior wall of the building and flooded up to floor one, where I was directly below. Cincinnati, my insurance company, paid about $300,000 on claim one. They still owe more. Mr. Tam, the only issue is whether you were entitled to fees and costs because of the, as you put it, the wrongful removal. So why are you entitled to fees and costs? Well, they failed to provide a proper removal. There was no diversity amongst the New York parties. There was no unanimous consent expressed in 30 days, 54 days, and there were no federal claims in the lawsuit. All right. Anything else you want to tell us? Okay. So the court analysis looks at intersue, as I described in my brief, and intersue is about fraudulent joinder. There was no fraudulent joinder for the district court in any order. So these so-called subtleties involving applying fraudulent joinder principles should not have been used to deny fees, costs, and expenses. I feel that they got it wrong. All right. We have your papers. We will review them, and we thank you for your argument. The court will reserve decision. That completes the calendar for today. I'll ask the deputy to adjourn. Court is then adjourned.